[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-14864

_____

D. C. Docket No. 03-00050-CR-1-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS FITZGERALD STEVENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 12, 2005)

Before ANDERSON, HULL and RONEY, Circuit Judges.

PER CURIAM:

Marcus Stevenson appeals his 57-month sentence for interstate

transportation in aid of racketeering, in violation of 18 U.S.C. § 1952(a). After

review and oral argument, we deny the government's motion to dismiss Stevenson's appeal, vacate his sentence, and remand this case for resentencing.

## I. Government's Motion to Dismiss

Stevenson entered into a written plea agreement that contained a sentence-appeal waiver. The government moved to dismiss Stevenson's appeal, arguing that his appeal waiver is effective.

Whether an appeal waiver is enforceable is a question of law that this Court reviews de novo. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). A waiver of the right to appeal one's sentence is enforceable if it is knowing and voluntary. Id. at 1350. "[I]n most circumstances, for a sentence appeal waiver to be knowing and voluntary, the district court must have specifically discussed the sentence appeal waiver with the defendant during the Rule 11 hearing." Id. at 1351. However, a sentence-appeal waiver is also enforceable when "it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. When a sentence-appeal waiver is not knowing and voluntary, we will disregard the waiver and proceed to the merits of the defendant's appeal. Id. at 1353.

In Bushert, the district court informed the defendant "that under some circumstances, [Bushert] or the government may have the right to appeal any

sentence that the Court imposes[.]" Id. at 1352. The district court also informed

the defendant "that he was waiving the right to appeal the charges against him,"

but "did not specifically address the issue of the sentence appeal waiver in the Rule

11 hearing." Id. Thus, during the plea colloquy the district court told the

defendant he may have the right to appeal his sentence but never mentioned at all

that he had waived most of those appeal rights. Accordingly, we concluded that,

because the district court "did not clearly convey to Bushert that he was giving up

his right to appeal [his sentence] under most circumstances . . . [i]t is not

manifestly clear that Bushert understood he was waiving his appeal rights." Id. at

1352-53. Accordingly, we concluded that the sentence-appeal waiver was

unenforceable. Id. at 1353-54.

Likewise, in the instant case, the district court never expressly indicated that

Stevenson was waiving the right to appeal his sentence under most circumstances.

Furthermore, the record of the plea colloquy did not make it "manifestly clear" that

Stevenson understood he was waiving the right to appeal his sentence. While the

plea agreement did contain a sentence-appeal waiver, we have rejected the view

that an examination of the text of the plea agreement is alone sufficient to find the

waiver knowing and voluntary. See Bushert, 997 F.2d at 1352. Rather, during the

plea colloquy, the district court must at least refer to the fact that the defendant is

3

waiving his rights to appeal his sentence under most or certain circumstances, as the case may be.  Accordingly, the purported sentence-appeal waiver was ineffective, and we deny the government's motion to dismiss.

## II.  Stevenson's Criminal-History Score

On appeal, Stevenson challenges the district court's addition of two criminal-history points because he committed the instant offense while under a criminal-justice sentence.[1]

Under the Sentencing Guidelines, the sentencing court must add two criminal-history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  U.S.S.G. § 4A1.1(d); accord United States v. Davis, 313 F.3d 1300, 1305 (11th Cir. 2002), cert. denied, 540 U.S. 827, 124 S. Ct. 49 (2003).  The commentary to this guideline further explains:

> A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant.

U.S.S.G. § 4A1.1 cmt. n.4.  However, the commentary also indicates that "a

---

[1]We "review a district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts de novo."  United States v. Davis, 313 F.3d 1300, 1305 (11th Cir. 2002), cert. denied, 540 U.S. 827, 124 S. Ct. 49 (2003).

sentence to pay a fine, by itself" does not constitute a "criminal justice sentence." U.S.S.G. § 4A1.1 cmt. n.4.

In Davis, we addressed whether a warrant that has become "stale" due to an unreasonable delay in its execution may trigger U.S.S.G. § 4A1.1(d). Davis, 313 F.3d at 1305. Answering this question, we held that "as long as the government proves that there exists an outstanding warrant, the district court need not inquire into the warrant's validity before applying the two-point enhancement under § 4A1.1(d)." Id.

In the instant case, Stevenson's offense conduct occurred in August of 2002. While his probation for a prior offense had been scheduled to end on September 12, 2001, a probation-violation warrant was issued because of Stevenson's non-payment of fines and court costs. This warrant remained active through at least December of 2003. Given these facts, Stevenson was not only under a sentence to pay a fine (and/or court costs), he was subject to a probation-violation warrant. Accordingly, the district court's decision to impose two criminal-history points pursuant to U.S.S.G. § 4A1.1(d) was not erroneous.[2]

### III. Booker-Error Issue

---

[2]These two criminal-history points increased Stevenson's total criminal-history points from 8 to 10, moving his criminal-history category from IV to V. As a result, based on Stevenson's offense level of 19, Stevenson's Sentencing-Guidelines range moved from 46 to 57 months under category IV to 57 to 71 months under category V.

The final issue in this case is whether the district court committed reversible error under United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), in sentencing Stevenson. Because Stevenson did not raise this Booker issue in the district court, our review is only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), cert. petition filed (Feb. 23, 2005) (No. 04-1148). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: '(1) error, (2) that is plain, and (3) that affects substantial rights.'" Id. (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)). "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Cotton, 535 U.S. at 631, 122 S. Ct. at 1785).

Stevenson argues that a Sixth-Amendment violation occurred because the district court imposed a § 4A1.1(d) enhancement based on judicially determined facts – i.e., that Stevenson was under a criminal-justice sentence when he committed the offense of conviction. However, Stevenson in fact admitted to the facts upon which his sentence was enhanced; he challenged only the district court's legal determination that those facts – the admitted failure to pay court costs and fees and the issuance of a warrant – established that Stevenson was "under any

6

criminal justice sentence" for purposes of § 4A1.1(d). Because the enhancement was based on facts admitted by Stevenson, no Sixth-Amendment violation occurred. See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

Although there is no Sixth-Amendment violation here, the district court committed statutory Booker error by sentencing Stevenson under a mandatory Sentencing-Guidelines regime. In Booker, the Supreme Court excised the mandatory nature of the Sentencing Guidelines. Accordingly, the district court in Stevenson's case committed error in sentencing Stevenson under the pre-Booker, mandatory Sentencing Guidelines. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Moreover, the error was plain. Id. at 1331. Thus, Stevenson meets the first two prongs of plain-error review.

Under the third prong of plain-error review, Stevenson must demonstrate that the plain error "'affects [his] substantial rights.'" Id. (quoting Cotton, 535 U.S. at 631, 122 S. Ct. at 1785. "[I]n post-Booker sentencing cases, 'in applying the third prong, we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of a binding fashion

7

by the sentencing judge in this case.'" Id. at 1332 (quoting Rodriguez, 398 F.3d at 1300).

Here, we conclude that Stevenson has carried his exacting burden of demonstrating a reasonable probability of a different result if the district court had applied the Sentencing Guidelines in an advisory instead of a mandatory fashion. The district court sentenced Stevenson to 57 months' imprisonment – the lowest possible sentence allowable under the Sentencing Guidelines for Stevenson's offense level and criminal-history category. More importantly, the district court also suggested that common sense might dictate a different sentence, but that its hands were "tied by the sentencing guidelines" as to what it could it and could not do. The district court further lamented that it had "no discretion to do anything" other than impose the Sentencing-Guidelines range.

All these comments and circumstances together convince us that there is a reasonable probability that the district court would have imposed a lesser sentence in Stevenson's case if it had not believed itself bound by the Sentencing Guidelines. See Shelton, 400 F.3d at 1332-33.

Finally, under the fourth prong of plain-error review, we consider whether the plain error at sentencing "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." United States v. Simpson, 228 F.3d 1294,

1300-01 (11th Cir. 2000) (quotation marks and citations omitted).  As in <u>Shelton</u>,

we conclude that the fourth prong is established here and that an exercise of our

discretion is warranted in this particular case.  <u>See</u> <u>Shelton</u>, 400 F.3d at 1333.

Accordingly, we vacate Stevenson's sentence and remand for resentencing

consistent with <u>Booker</u>.[3]

**MOTION TO DISMISS DENIED.  SENTENCE VACATED AND**

**REMANDED.**

_____

[3]As we stated in <u>Shelton</u>,

> Although the district court's comments convince us that on remand the district court will sentence below the range indicated by the Guidelines, we do not know exactly what sentence it will impose after consulting the § 3553(a) factors.  Until we find out, we will not attempt to decide whether a particular sentence below the Guidelines range might be reasonable in this case.  If there is an appeal of the actual post-remand sentence which raises that issue, we can decide it then.

<u>Shelton</u>, 400 F.3d at 1333 n.11.  Even though we are remanding for resentencing under <u>Booker</u>, we do not mean to imply that on remand the district court must impose a lesser sentence.  On remand, the district court may impose the same sentence.  Rather, we merely hold that the defendant has shown a reasonable probability that the district court would have imposed a lesser sentence under an advisory Sentencing-Guidelines regime.