[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2006
THOMAS K. KAHN
CLERK

No. 05-14504
Non-Argument Calendar

_____

D. C. Docket No. 03-00050-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS FITZGERALD STEVENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 17, 2006)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Marcus Fitzgerald Stevenson appeals his reinstated 57-month sentence,

imposed upon resentencing, for interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3). After review, we vacate Stevenson's sentence and remand for resentencing.

In a prior appeal, this Court affirmed the district court's criminal history calculation and concluded that there was no constitutional violation under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). See United States v. Stevenson, 131 F. App'x 248 (11th Cir. 2005) (unpublished). However, in the prior appeal, this Court also found statutory Booker error and thus vacated Stevenson's sentence and remanded for resentencing in light of Booker. On remand, the district court resentenced Stevenson to the same 57-month sentence without a hearing or an opportunity for Stevenson to allocute.

Because Stevenson's original sentence was vacated in its entirety, the district court erred by not granting him a hearing and affording him the opportunity to allocute at resentencing. See United States v. Taylor, 11 F.3d 149, 151 (11th Cir. 1994) (holding that a defendant's rights, under Federal Rules of Criminal Procedure 32 and 43, to be present at sentencing and to allocute "extends to sentencing when the original sentencing package is vacated in its entirety on appeal and a case is remanded for resentencing"); United States v. Jackson, 923 F. 2d 1494, 1496 (11th Cir. 1991) (holding that, when a sentencing "package" has been

vacated on appeal, the defendant's presence at a hearing is necessary). Additionally, although Stevenson's guidelines range was correctly calculated, the district court must still have a hearing to consult the factors in 18 U.S.C. § 3553(a) as now required by <u>Booker</u> under an advisory guidelines system. We therefore vacate Stevenson's sentence and remand to the district court so that the district court may hold a hearing, consult the factors in § 3553(a) as required by <u>Booker</u> and provide Stevenson the opportunity to address the court prior to imposing a sentence.

**VACATED AND REMANDED WITH INSTRUCTIONS.**