[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12706
Non-Argument Calendar
_____

D. C. Docket No. 03-00050-CR-1-WS-006

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS FITZGERALD STEVENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 24, 2006)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

This is Marcus F. Stevenson's third appeal of his sentence for interstate

transportation in aid of racketeering, in violation of 18 U.S.C. § 1952(a). Stevenson argues that his re-imposed 57-month sentence is unreasonable because the district court failed to consider properly the factors in 18 U.S.C. § 3553(a). After review, we affirm.

## I. BACKGROUND

Stevenson pled guilty to one count of traveling in interstate commerce with intent to facilitate the promotion of an unlawful activity (namely the possession with intent to distribute one pound of marijuana), in violation of 18 U.S.C. § 1952(a)(2) and (3). According to the factual allegations in the presentence investigation report ("PSI"), to which Stevenson did not object, Stevenson participated in a drug smuggling conspiracy by picking up shipments of marijuana in Baton Rouge, Louisiana and driving them to Mobile, Alabama.

The PSI recommended a total offense level of 21 and a criminal history category of V, resulting in a guidelines range of 70 to 87 months' imprisonment. However, because the statutory maximum sentence for Stevenson's offenses was 60 months, the PSI concluded that Stevenson's guidelines sentence was 60 months. At sentencing, Stevenson successfully argued for a minor role reduction, resulting in a guidelines range of 57 to 60 months. Stevenson also argued for a sentence below the guidelines range based on the lesser sentences received by some of his

co-defendants. Noting that it was bound by the guidelines, the district court sentenced Stevenson to 57 months.

On Stevenson's first appeal, this Court concluded that Stevenson's criminal history had been properly calculated, but vacated Stevenson's sentence and remanded for resentencing under an advisory guidelines scheme pursuant to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). See United States v. Stevenson, 131 F. App'x 248 (11th Cir. 2005). On remand, the district court imposed the same 57-month sentence without holding a hearing. On Stevenson's second appeal, this Court vacated Stevenson's sentence and directed the district court on remand to provide Stevenson an opportunity to address the court, and to consider the factors in 18 U.S.C. § 3553(a). See United States v. Stevenson, 162 F. App'x 907 (11th Cir. 2006).

At the resentencing hearing, Stevenson argued that the district court should impose a sentence below the guidelines range based on: (1) the disparity between his sentence and the sentences of his co-defendants, (2) the fact that two of Stevenson's criminal history points were a result of being on probation at the time of the offense, when in fact the probation was only a technicality to collect a fine, and (3) Stevenson's post-conviction rehabilitation and conduct. The district court concluded that Stevenson's higher sentence was warranted due to Stevenson's

3

significant criminal history (category V).  The district court then re-imposed a 57-month sentence, noting that it had considered Stevenson's arguments and the § 3553(a) factors.  Stevenson filed this third appeal.

## II.  DISCUSSION

On appeal, Stevenson contends that the district court gave only "sham" consideration to the § 3553(a) factors before re-imposing the same sentence.  Stevenson emphasizes the disparity between his sentence and the sentences of his co-defendants.[1]

After Booker, a district court, in determining a reasonable sentence, must correctly calculate the advisory guidelines range and then consider the factors set forth in 18 U.S.C. § 3553(a).[2]  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors.  United States v. Winingear, 422 F.3d 1241, 1246 (11th

---

[1]Stevenson also points to comments by the district court at Stevenson's initial pre-Booker sentencing that suggested that, but for the mandatory nature of the guidelines, it might have imposed a lower sentence.  On remand and post-Booker, the district court was not bound by such comments in determining what sentence was reasonable.

[2]The factors in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Cir. 2005). This "[r]eview for reasonableness is deferential. . . . and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id.

After review, we conclude that Stevenson has not shown that his 57-month sentence is unreasonable. The district court indicated that it had considered the correctly calculated advisory guidelines range and the § 3553(a) factors.[3] The district court also considered Stevenson's arguments in mitigation, including his post-conviction rehabilitation and the disparity between Stevenson's sentence and the sentences of his co-defendants. However, the district court concluded that the sentence disparity was warranted given Stevenson's extensive criminal history, which was a category V. Accordingly, we cannot say that the district court's 57-month sentence, at the low end of the advisory guidelines range, is unreasonable.

**AFFIRMED.**

---

[3]As the district court correctly noted, on remand, Stevenson's guidelines calculations were the law of the case and, absent an exception, could not have been re-opened without violating this Court's limited mandate. See United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003).