[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**February 3, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-13529
Non-Argument Calendar

_____

D. C. Docket No. 03-20411-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HIRARD ESPERANCE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 3, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Hirard Esperance appeals his 151-month sentence for conspiracy to possess

with intent to distribute crack cocaine, in violation of 21 U.S.C. §§

841(b)(1)(A)(iii) and 846, and distribution of crack cocaine, in violation of 21

U.S.C. § 841(a)(1).  After review, we affirm Esperance's 151-month sentence.

## I. BACKGROUND

Before discussing Esperance's current 151-month sentence, we outline what

happened in Esperance's prior appeal in which we affirmed his convictions but not

his 188-month sentence.

## A.      First Appeal

Esperance was tried and convicted of both (1) a drug conspiracy that

involved three drug transactions, totaling 225.9 grams of cocaine base, with

undercover police officers in April and May 2003, and (2) a drug distribution count

that involved one of those transactions, specifically a purchase of 131.7 grams of

cocaine base on April 24, 2003.[1]

At Esperance's original sentencing, the presentence investigation report

("PSI") attributed 225.9 grams of cocaine base to Esperance to assign him a base

offense level of 34 pursuant to U.S.S.G. § 2D1.1(c)(3).  The PSI recommended a

two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1) because a firearm

[1]The third drug transaction was arranged by an undercover officer, but was not consummated because instead law enforcement executed a search warrant on the residences where the previous two transactions had occurred and where the drugs for the third transaction were being prepared.  However, for ease of reference, we will refer to all three incidents as drug transactions.

was found during a search of the residence where the cocaine base had been cooked. The PSI concluded that Esperance was not entitled to a role reduction. With an adjusted offense level of 36 and a criminal history category of I, the PSI recommended a guidelines imprisonment range of 188 to 235 months.

Esperance did not object to the drug quantity attributed to him for purposes of determining his base offense level of 34. He also did not seek safety-valve relief. However, Esperance objected to the two-level firearm enhancement and also to the denial of a minor role reduction. The district court overruled Esperance's objections and sentenced Esperance based on the calculations in the PSI to 188 months' imprisonment.

In his first appeal, Esperance raised several issues relating to the conduct of his trial and also challenged his original 188-month sentence. As to his sentence, Esperance challenged only the district court's imposition of two-level firearm enhancement. In his first appeal, Esperance did not challenge the district court's drug quantity finding that Esperance's conspiracy offense involved 225.9 grams of cocaine base. Nor did he argue that he was entitled to safety-valve relief. We affirmed Esperance's convictions, but vacated Esperance's sentence and expressly remanded "for resentencing without the firearm enhancment." Therefore, we remanded with a limited mandate to remove the firearm enhancement and

3

resentence.

## B.     Post-remand Resentencing

On remand, Esperance renewed his objections raised at the original

sentencing.  He also raised the following three new objections: (1) that he should

be held accountable only for the April 24, 2003, transaction involving 131.7 grams

of cocaine base, which would result in a base offense level of 32, rather than 34

and a guidelines imprisonment range of 121 to 151 months;[2] (2) that a sentence

based on a 100:1 ratio for crack cocaine and cocaine powder was unreasonable

under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and that

Esperance should be sentenced under a 20:1 ratio; (3) that Esperance qualified for

safety-valve relief under 18 U.S.C. § 3553(f).

At the resentencing hearing, Esperance argued that only the April 24, 2003,

transaction involving 131.7 grams of cocaine base should be attributable to him for

purposes of calculating his base offense level.  The government responded that

Esperance could still be held accountable for the amount of drugs involved in all

three transactions comprising the conspiracy in which Esperance was involved and

---

[2]In his post-remand written objection filed with the district court, Esperance claims that he is renewing his objection to the calculation of the drug quantity in the PSI, namely paragraphs 22 and 32.  However, Esperance did not object to these two paragraphs in his first written objection and did not raise this objection verbally at the sentencing hearing.  Therefore, at resentencing, Esperance's objection to drug quantity was a new, not a renewed, objection.

for which he was convicted. The district court agreed and found that Esperance was accountable for the full 225.9 grams of cocaine base.

Esperance then renewed his request for a minor role reduction, arguing that he was present at only one of the three transactions and that he had an innocent explanation for his presence. The government responded that objections raised at the first sentencing and overruled were not within the scope of the remand, as follows:

> Your Honor, first of all, this was considered by the Court initially. You ruled against them. We are here for re-sentencing on the one enhancement issue. So, first of all, I'm not sure that the Court even can consider all these other issues that were previously raised and denied.

The government alternatively argued that Esperance was not entitled to a minor role reduction because some of his co-conspirators had testified at trial that he was a supplier of some of the cocaine powder that was converted to crack cocaine. The district court stated that it would "renew my rulings [and] again deny [the] minor role at this particular time."

Finally, Esperance contended that he qualified for safety-valve relief. Defense counsel stated that Esperance maintained his innocence and had provided all the information he knew. The government responded that Esperance's continued claim of innocence was inconsistent with his convictions generally and,

5

in particular, with comments Esperance made to undercover police officers showing that he was involved in the April 24, 2003, drug transaction. The district court denied safety-valve relief, noting that the jury had found Esperance guilty of the drug conspiracy and Esperance had not met the requirements for obtaining safety-valve relief.

The district court then found that Esperance's total offense level was 34 and his criminal history category was I, resulting in an advisory guidelines imprisonment range of 151 to 188 months. The district court then stated its belief that "it is adequate to put him at the bottom end of that guideline," and that "the facts of this case mandate a sentence within the advisory guideline range albeit at the lower end . . . ." After permitting Esperance to allocute, the district court stated that it had considered the parties' statements, the PSI, the advisory guidelines range and the factors in 18 U.S.C. § 3553. The district court then sentenced Esperance, "[b]ased on the severity and significance of the offense," to 151 months' imprisonment, at the low end of the guidelines range. This appeal followed.

## II. DISCUSSION

### A. Drug Quantity

In this second appeal, Esperance contends that, for purposes of calculating his base offense level under the guidelines, the district court should have held him

accountable for a lower drug quantity. We do not address this argument because this issue is foreclosed by the law-of-the-case doctrine.

Under one arm of the law-of-the-case doctrine, lower court rulings that have not been challenged on a first appeal will not be disturbed in a subsequent appeal. See, e.g., United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (holding that failure to challenge on first appeal district court's decision regarding the amount of "usable" cocaine for purposes of calculating guidelines sentence precluded defendant from raising issue on second appeal); United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-83 (11th Cir. 1989) (holding that criminal defendant waives his right to raise in second appeal issues not raised in first appeal). There are three exceptions to the law-of-the-case doctrine. A court is not bound by a prior ruling if (1) new evidence is presented, (2) there is a change in the controlling law, or (3) the prior decision was clearly erroneous and will cause manifest injustice. Escobar-Urrego, 110 F.3d at 1561.

None of the exceptions to the law-of-the-case doctrine apply to the district court's drug quantity finding. Therefore, that drug quantity finding became the law of the case, and Esperance is precluded from relitigating drug quantity in his second appeal.[3]

---

[3]When an appellate court vacates a sentence in its entirety and remands with a general mandate, the law-of-the-case doctrine does not apply, and the district court is free to conduct a

Alternatively, even if this Court's original remand were construed to be a general remand, thereby permitting the district court and the defendant to revisit the drug quantity issue, the district court did not clearly err in its fact finding as to drug quantity. In our prior opinion in the first appeal, the Court affirmed Esperance's convictions and outlined in detail the evidence connecting Esperance to the drug conspiracy, and we need not repeat it here. In addition, the drug quantity of 225.9 grams of cocaine base was all attributed to Esperance as a member of this drug conspiracy and consisted of: (1) 71.3 grams purchased from his co-conspirators Frank and Cineas during the April 18, 2003 transaction at the 6040 NW First Avenue residence; (2) the 131.7 grams purchased from Frank and Cineas with Esperance's assistance at the 6063 NW First Avenue residence on April 24, 2003; and (3) the additional 22.9 grams seized from the 6063 NW First Avenue residence on May 13, 2003. Furthermore, at trial, Cineas testified that Esperance was involved in the drug deals, was present when she "cooked" the cocaine powder into cocaine base for the April 24 transaction, and that Esperance helped Frank count the money during that transaction. Joseph, another co-conspirator, testified that Esperance provided "half keys" and "keys" of cocaine

de novo resentencing. See, e.g., United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003). "If the appellate court issues a limited mandate, however, the trial court is restricted in the range of issues it may consider on remand." Id. (citing United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996)).

powder to Frank, which Frank then cooked into crack. The undercover officer testified, after hearing an audiotape, that Esperance approached his car during the second purchase of 5 "cookies" of cocaine base and said, "We have four. We are making five. Just wait." After review, we conclude that there was ample evidence to support the district court's drug quantity finding as to Esperance. See U.S.S.G. § 1B1.3(a) (stating that a defendant's base offense level is based on reasonably foreseeable actions of others taken in furtherance of the jointly undertaken criminal activity); United States v. Maxwell, 34 F.3d 1006, 1012 (11th Cir. 1994) (explaining that, under the Sentencing Guidelines, a member of a drug conspiracy is accountable for the reasonably foreseeable conduct of others in furtherance of the drug conspiracy).

**B.    Safety Valve**

Esperance also argues that the district court clearly erred in denying him "safety-valve" relief. For the reasons already discussed with regard to Esperance's challenge to the drug quantity, the law-of-the-case doctrine precludes further consideration of this issue. Esperance did not seek safety-valve relief at his original sentencing and raise that issue in his first appeal. Therefore, under the law-of-the-case doctrine, Esperance waived his right to raise the safety-valve issue in a second appeal. See United States v. Fiallo-Jacome, 874 F.2d at 1481-83.

Additionally, the safety-valve issue did not fall within the scope of this Court's limited mandate on remand to sentence Esperance without the firearm enhancement and did not fall within one of the exceptions to the law-of-the-case doctrine. See Tamayo, 80 F.3d at 1521 (holding that issues outside the scope of the limited mandate were precluded by law-of-the-case doctrine).

Alternatively, even if this Court's remand were construed to be a general remand, Esperance's safety-valve argument still fails. Under the safety-valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, a sentencing court may depart downward from the statutory minimum sentence if the defendant, among other things, gives the government prior to the sentencing hearing truthful and complete information concerning his involvement in the offense. United States v. Simpson, 228 F.3d 1294, 1304-05 (11th Cir. 2000); 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). "The question of whether the information [that the defendant] supplied to the government . . . was truthful and complete . . . is a factual finding for the district court." United States v. Brownlee, 204 F.3d 1302, 1305 (11th Cir. 2000). "The burden of proof on the truthfulness issue lies, of course, with the defendant." United States v. Espinosa, 172 F.3d 795, 797 (11th Cir. 1999). We review a district court's factual determinations in deciding whether to grant safety-valve relief for clear error. United States v. Cruz, 106 F.3d 1553,

10

1556-57 (11th Cir. 1997).

The district court did not clearly err in concluding that Esperance did not meet his burden to provide a complete and truthful statement of his involvement in the drug conspiracy. At resentencing, Esperance maintained that he was innocent. However, Esperance was tape-recorded speaking to undercover agents in a way that demonstrated that he was involved in and aware of the drug sale.[4] Esperance offered no information to account for his statements to undercover agents. Under these facts, the district court did not clearly err in denying safety-valve relief.

## C. Reasonableness of Esperance's Sentence

Esperance next argues that his sentence is unreasonable under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Among other things, Esperance argues that the 100:1 penalty ratio for offenses involving cocaine base compared to offenses involving cocaine powder renders his sentence unreasonable. Esperance's reasonableness challenge is not foreclosed by the law-of-the-case doctrine because it falls within one of the doctrine's exceptions. Booker was decided after we remanded Esperance's case for resentencing, and Booker's remedial holding that a sentence must be reasonable constituted an intervening change in the law.

---

[4]Specifically, Esperance stated to an undercover officer and a confidential informant who were waiting in a car for the cocaine to finish "cooking," "We have four. We are making five. Just wait," and "Be cool, we make it right for you."

11

After Booker, a district court, in determining a reasonable sentence, must consider the correctly calculated sentencing range under the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a).  See Booker, 543 U.S. at ___, 125 S. Ct. at 764-66; United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).[5]  We review a defendant's ultimate sentence, in its entirety, for unreasonableness in light of the factors in § 3553(a).  See United States v. Winigear, 422 F.3d 1241, 1245 (11th Cir. 2005).

After review, we cannot say that Esperance's 151-month sentence was unreasonable.  The district court imposed a sentence at the bottom of the guidelines range of 151 to 188 months and well below the statutory maximum sentence of life imprisonment.  See Talley, 431 F.3d at 788 (explaining that, although we have declined to hold that a sentence within the guidelines range is per se reasonable, ordinarily we expect such a sentence to be reasonable); Winigear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed to the statutory maximum).  The district court stated that it had considered the parties'

___

[5]The factors in § 3553(a) include: "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range."  United States v. Scott, 426 F.3d 1324, 1328-29 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).  "[N]othing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  Id. at 1329.  Instead, indications in the record that the district court considered facts and circumstances falling within § 3553(a)'s factors will suffice.  Talley, 431 F.3d at 876; Scott, 426 F.3d at 1329-30.

12

statements, the advisory guidelines range and the factors in § 3553(a) and, based on "the severity and the significance of the offense," imposed a sentence at the low end of the guidelines range. Given that the district court consulted the accurately calculated guidelines range and considered the factors of § 3553(a), we cannot say that Esperance's sentence at the low end of the guidelines range is unreasonable.

For all these reasons, we affirm Esperance's 151-month sentence.

**AFFIRMED.**