[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16473
Non-Argument Calendar

_____

D. C. Docket No. 99-00583-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR MAGLUTA,
a.k.a. Sal,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 5, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

For a second time, Salvador Magluta appeals his 195-year prison sentence imposed after he was convicted of conspiring to commit offenses against the United States in violation of 18 U.S.C. § 371, conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h), obstructing justice by bribing a witness in violation of 18 U.S.C. § 1503, and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  In a prior published opinion we affirmed his conviction for those crimes, but reversed his conviction on another  obstruction of justice charge.  United States v. Magluta (Magluta I), 418 F.3d 1166, 1186 (11th Cir. 2005).  Because we reversed his conviction on that one charge, we also vacated the 205-year sentence the district court initially imposed.  Id.

In this appeal, Magluta contends that the district court:  (1) incorrectly calculated the applicable sentencing guidelines range; (2) imposed a procedurally and substantively unreasonable sentence; and (3) violated his Fifth Amendment privilege against self-incrimination by stating at a status conference before the re-sentence hearing that it would only reconsider the length of his sentence if he confessed to the obstruction of justice count that we reversed in his first appeal.[1]

---

[1]  Magluta also contends that the district court violated his Sixth Amendment right to trial by jury and Fifth Amendment right to due process of law by enhancing his sentence based on acquitted, pending, and uncharged offense findings made by a preponderance of the evidence. This argument is foreclosed by the law of this circuit.  See United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005) (holding that the use of extra-verdict enhancements, under an advisory guidelines regime, is not unconstitutional).

2

# I.

The facts and procedural history of this case are set forth in detail in our earlier opinion. See Magluta I, 418 F.3d at 1172–73. Because we reversed one of Magluta's convictions, we also vacated his sentence and remanded the case to the district court. We instructed the court as follows:

> If the government elects to dismiss count 8 [which was the conviction we reversed] instead of retry Magluta on that charge, or if a retrial on that count occurs and he is acquitted, the district court shall, at its discretion, either reimpose Magluta's sentence but with a reduction of [ten years] as a result of there being no conviction for count 8, or the court may resentence Magluta on all the other counts for which he remains convicted. If the government elects to retry Magluta on count 8 and he is re-convicted of that charge, the district court shall then re-sentence him on all the counts.

Id. at 1186.

After our mandate issued, Magluta filed motions in the district court asking for a de novo resentencing and for the opportunity to be present for any resentence proceeding. The district court held a status conference to address those motions. At the status conference the court heard argument from the government and Magluta on the motions. The court noted that it was inclined not to conduct a de novo resentencing and stated that:

> We had a four-day sentencing hearing. [Magluta] had an ample opportunity to present all matters in aid of mitigation, [Magluta] allocuted. I had all that I needed. I don't see any change that would create a manifest injustice. If anything, my reasons for departing, I

3

feel even more comfortable given the further developments in the evidence that has come out.

In response to Magluta's counsel's arguments that Magluta was a changed man who was suffering from his incarceration in a harsh prison environment, the district court explained its reluctance to revisit its sentencing decision. The court said:

> [T]he only thing I would ever look for is if the man was able to stand up and tell me—ask the government to take the dismissal [of the count the Eleventh Circuit reversed] back, that I am finally going to be honest with myself and with the rest of the world and admit my guilt.

The court emphasized that it was "not hearing anything that . . . would be a major change that would require me to undertake a de novo sentencing." That court was later more direct, saying: "I wanted to cut to the quick. That's the only thing that I'm interested in, is if he is telling you, 'I am ready to say to the government convict me of Count 8.'" After the status conference, the district court granted Magluta's motion to be present at the resentence proceeding, but did not rule on his motion for a de novo resentencing. The day before the resentence hearing, Magluta filed a motion asking the district judge presiding over his case to recuse herself. In that motion he argued that the court's statements at the status conference amounted to court participation in plea negotiations in violation of Federal Rule of Criminal Procedure 11, and showed pervasive bias against him.

4

The court rejected both arguments and denied his motion.

The district court then held a resentence hearing, at which Magluta was present. The court heard argument from Magluta's counsel and from the government, but ultimately decided to impose a 195-year sentence. Magluta was also afforded the opportunity to address the court, which he did. The court did not hear any new evidence and expressly adopted its factfindings and guidelines calculations from the first sentence proceeding. The court did, however, consider the reasonableness of the sentence it imposed in relation to the factors set forth in 18 U.S.C. § 3553(a). After the hearing, the district court entered an "Amended Judgment" imposing a 195-year prison sentence. The amended judgment listed the reason for amending the original judgment as "Correction of Sentence on Remand." This is Magluta's appeal from that amended judgment.

**II.**

Magluta first contends that the district court incorrectly calculated the applicable guidelines range. Specifically, he argues that the district court miscalculated the value of the funds involved in his money laundering offenses, mistakenly applied a three-level enhancement after finding that Magluta committed the offenses he was convicted of in this case while he was on release in another case, and incorrectly assigned him 11 criminal history points.

In his first appeal, Magluta raised both the funds calculation and criminal history arguments. See Magluta I, 418 F.3d at 1183–85. We did not address those issues head on but instead held that any error regarding them was harmless in light of the district court's statement at the first sentence proceeding that it would depart upward to reach the same sentence even if its guidelines calculations were erroneous. Id. at 1184.

Because we have already resolved those two issues and held in the prior appeal that the sentence was not due to be vacated based on them, we decline to revisit them now. See generally Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005) ("Under the law-of-the-case doctrine, [the resolution of] an issue decided at one stage of a case is binding at later stages of the same case. The doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal. . . . Law of the case binds not only the trial court but this court as well." (internal quotation marks and citations omitted; alteration in original)). Magluta argues that the law of the case doctrine does not apply here because in his first appeal we vacated his sentence "in its entirety." That we vacated his sentence does not mean that he is free to raise again contentions that we expressly decided against him in the first appeal.

6

Magluta asserts that we "expressly declined" to reach those two guidelines range calculation arguments in his last appeal. We disagree. It is true that we did not decide in the first appeal whether the funds calculation and criminal history determinations were correct. See Magluta I, 418 F.3d at 1183–85. We did, however, hold that even if they were incorrect it would not matter to his sentence. We explained that even if the district court had miscalculated the amount of the laundered money and had erred in determining his criminal history points, we would still affirm on the basis of the district court's statement that it would upwardly depart to make up any difference. Id. at 1183–84. That holding is enforced by the law of the case doctrine in this appeal.

Magluta also argues that the exception to the law of the case doctrine for intervening changes in the law applies. See Schiavo, 403 F.3d at 1292 (noting that the law of the case doctrine does not apply where "controlling authority has been rendered that is contrary to the previous decision" (internal quotation marks and citation omitted)). While it is true, as Magluta points out, that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), had not been decided at the time of his first sentencing, and as a result the district court did not consider the § 3553(a) factors in arriving at his original sentence, the change announced in Booker does not affect the guidelines calculation issues we resolved in the first appeal. And it is

the guidelines calculation that Magluta is challenging with these arguments.

Moreover, given the district court's statement at the status conference it held before resentencing Magluta that it felt "even more comfortable" with its "reasons for departing," even if we were free to address the contentions anew, we would reach the same harmless error conclusion about them that we reached in the first appeal. See id.; see also United States v. Hersh, 297 F.3d 1233, 1248 (11th Cir. 2002).

Finally, we need not consider Magluta's argument that the district court erroneously applied a three-level enhancement under United States Sentencing Guidelines § 2J1.7 (Nov. 1998), because he waived that argument by not raising it in his first appeal. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) ("Under the law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." (quoting Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 250 (D.C. Cir. 1987))). We will not permit Magluta "two bites at the appellate apple." See United States v. Fiallo-Jacome, 874 F.2d 1479, 1482–83 (11th Cir. 1989).

8

**III.**

Magluta also contends that the sentence the district court imposed is procedurally and substantively unreasonable. He argues that it is procedurally unreasonable because the district court miscalculated the applicable guidelines range, but we have already addressed his arguments relating to the district court's calculation of the guidelines range. Magluta also argues that his sentence is substantively unreasonable because it is longer than the sentences others have received for similar crimes and is also longer than the sentences his co-defendants received.

When reviewing a sentence imposed by the district court, we must first determine whether the court correctly calculated the guideline range. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). We then review the sentence for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006). We review only the final sentence for reasonableness, not each individual decision made during the sentencing process. Winingear, 422 F.3d at 1245. Reasonableness review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788

9

(11th Cir. 2005). As the Supreme Court recently explained, we "must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. ___, 128 S. Ct. 586, 591 (2007). When conducting this review, we consider the totality of the circumstances. Id. at 597.

A guideline sentence may be reviewed for procedural or substantive unreasonableness. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A sentence is procedurally unreasonable if it stems from a procedure that failed to follow the requirements of Booker. Hunt, 459 F.3d at 1182 n.3. A sentence may be substantively unreasonable even if it is procedurally reasonable. Id.

Under § 3553(a), a sentencing court is charged with imposing a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes of the defendant, and provide the defendant with educational or vocational training, medical care or other treatment. 18 U.S.C. § 3553(a). The district court need not recite a laundry list of the § 3553(a) factors; some indication in the record that the court adequately and properly considered the applicable advisory guideline range and the § 3533(a) sentencing factors is sufficient. United States v. Scott, 426 F.3d 1324, 1329 (11th

Cir. 2005).

The sentence imposed by the district court was both procedurally and substantively reasonable. The court calculated the applicable guidelines range, recognized the advisory nature of the guidelines, and considered the § 3553(a) factors in imposing Magluta's sentence. The resulting sentence was within the applicable guideline range, which is life imprisonment.[2] The sentence imposed is procedurally reasonable.

The sentence is also substantively reasonable. As the district court noted, Magluta's crimes were serious and involved a wholesale corruption of our system of justice, see 18 U.S.C. § 3553(a)(2)(a), and his criminal activity began in the 1970s, see id. § 3553(a)(1). The district court also explained that it was imposing the 195-year sentence to protect society from Magluta and to deter others from engaging in similar criminal conduct. See id. § 3553(a)(2)(B), (C).

The district court specifically addressed the disparity between Magluta's sentence and the sentence imposed on one of his co-defendants, noting that the co-defendant had entered into a plea agreement which affected his sentence. See id. §

---

[2] Magluta's total offense level was 43, which regardless of the number of criminal history points the district court assigned to him, called for a sentence of life imprisonment. The district court imposed consecutive sentences for each of the counts on which Magluta was convicted to achieve a total sentence with the practical effect of the sentence called for by the guidelines. See U.S.S.G. § 5G1.2(d).

3553(a)(6). The court also observed that Magluta's involvement in the plot to obstruct justice was much greater than any of his co-defendants. See id. Because the sentence the district court ultimately imposed is within the applicable guideline range, here life imprisonment, and because we see no abuse of discretion in the court's application of the § 3553(a) factors, we conclude that Magluta's sentence was also substantively reasonable. See Talley, 431 F.3d at 788.

Finally, Magluta argues that imposing consecutive twenty-year sentences for each money laundering offense and the money laundering conspiracy, for a total of 180 years, was unreasonable. We disagree. Only by stacking in this manner, could the district court sentence Magluta within the applicable guideline range in accord with U.S.S.G. § 5G1.2(d), which specifies:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d). See United States v. Davis, 329 F.3d 1250, 1253–54 (11th Cir. 2003) (holding that § 5G1.2(d) requires sentences to run consecutively to the extent necessary to reach the guideline range).

12

**IV.**

Magluta's final contention is that the district court violated his Fifth Amendment privilege against self-incrimination by making remarks at a status conference before the resentence hearing suggesting that it would only reconsider the length of his sentence if he confessed to the obstruction of justice count which we reversed in his first appeal. The government contends that we should review this claim only for plain error because it was not properly raised in the district court. Magluta argues that the motion for recusal he filed before the resentence hearing was sufficient to preserve this claim for review.

We review constitutional claims not timely raised in the district court only for plain error. United States v. Moriarty, 429 F.3d 1012, 1018–19 (11th Cir. 2005). We may, in our discretion, correct plain error where the defendant demonstrates that there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If these three conditions are met, we may correct a plain error, but only if that error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 1019.

The Fifth Amendment provides in part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V The

13

privilege afforded by the Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S. Ct. 316, 322 (1973).

Magluta's motion for recusal was insufficient to preserve his Fifth Amendment claim for review. Nowhere in that motion did Magluta argue that the district court's statements at the status conference violated his rights under the Fifth Amendment. Instead, the motion sought recusal on the grounds that the district court had actively participated in plea bargaining and was biased against Magluta. Because those legal theories are different from the Fifth Amendment argument Magluta raises in this appeal, and requested different relief, we will review this issue only for plain error. See generally United States v. Massey, 443 F.3d 814, 819 (11th Cir. 2006) ("We have held that, for a defendant to preserve an objection to [his] sentence for appeal, [he] must raise that point in such clear and simple language that the trial court may not misunderstand it. When the statement is not clear enough to inform the district court of the legal basis for the objection, we have held that the objection is not properly preserved. The defendant also fails

14

to preserve a legal issue for appeal if the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a different legal theory." (internal quotation marks and citations omitted)).

We conclude that the district court did not commit plain error when it made the statements about which Magluta complains. None of the decisions he relies upon involve potentially coercive statements delivered in the context of a status conference held to determine whether there would be any point in a full resentence hearing. Nor do those decisions address statements made outside the presence of the defendant. These distinctions are critical because even if the district court did err in saying what it said, the error would not be plain, because there is no controlling authority that deals with facts like those present in this case, and it is not self-evident the statement in the circumstances in which it was made violated the Fifth Amendment. See United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999) ("A plain error is an error that is obvious and clear under current law." (internal quotation marks omitted)); see also United States v. Castro, 455 F.3d 1249, 1253 (11th Cir. 2006) ("When the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." (internal quotation marks and citations omitted)).

15

Moreover, even if we were to conclude that the district court did err and that the nature of the error was plain, we still would not reverse because Magluta's substantial rights were not affected. When we remanded this case after Magluta's first appeal, we instructed the district court that it could, "at its discretion, either reimpose Magluta's sentence but with a reduction of [ten years] as a result of there being no conviction for [one of the obstruction of justice counts], or the court may resentence Magluta on all the other counts for which he remains convicted." Magluta I, 418 F.3d at 1186. The district court imposed the same sentence on remand, less the ten years for the obstruction of justice count which the government elected to dismiss.

In order to show that his substantial rights were affected by the district court's statement, Magluta would have to carry his burden of establishing that there is a reasonable probability he would have received a different sentence but for the district court's statement. See United States v. Rodriguez, 398 F.3d 1291, 1299–1302 (11th Cir. 2005). He has not done that.

**AFFIRMED.**

16