[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 08, 2003
THOMAS K. KAHN
CLERK

No. 02-10402
Non-Argument Calendar

D.C. Docket No. 94-00025-CR-E-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAJA ZAMBROWSKI DAVIS,
MORRIS RAMSEY, a.k.a. "Fade",

Defendants-Appellants.

No. 02-11913
Non-Argument Calendar

D.C. Docket No. 94-00025-CR-E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSSIE ORLANDO MCCAULEY, III,

Defendant-Appellant.

Appeals from the United States District Court for the
Middle District of Alabama

**(May 8, 2003)**

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

These appeals arise from the convictions of Appellants Jaja Zambrowski Davis, Morris Ramsey and Ossie O. McCauley, III, for various offenses. Davis was convicted of conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Ramsey was convicted of conspiring to distribute cocaine base and distributing cocaine base. McCauley was convicted of conspiring to distribute cocaine base, distributing cocaine base, and using and carrying a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Davis, Ramsey, and McCauley were sentenced to 480, 292, and 350 months' imprisonment, respectively. Appellants raise three issues with respect to their sentencing. First, Appellants contend the district court erred by resentencing them without affording them a new evidentiary hearing. Second, Appellants contend the district court abused its discretion by stacking their sentences to run

consecutively rather than concurrently, pursuant to United States Sentencing Commission, *Guidelines Manual*, § 5G1.2. Third, Appellants contend the imposition of consecutive sentences violates their due process rights under the Fifth Amendment.

## I.

Appellants and others participated in a large crack cocaine distribution ring in Lanett, Alabama. Following a jury trial in March, 1994, Appellants were found guilty of conspiring to distribute crack cocaine, as well as possession of varying amounts of crack cocaine. Appellants Davis, Ramsey, and McCauley were sentenced to 211, 169, and 229 months' imprisonment, respectively. Following an unsuccessful direct appeal, Appellants attacked their sentences pursuant to 28 U.S.C. § 2255. The district court granted Appellants' § 2255 applications, finding appellate counsel acted ineffectively by failing to require the district court to make individualized findings concerning the scope of the conspiracy and the amount of drugs attributable to each defendant.

On November 29, 1999, the district court held an evidentiary hearing and received new evidence to help it determine the quantity of drugs for which each defendant should be held responsible. The court resentenced Davis, Ramsey, and McCauley to life, 300 months', and life imprisonment, respectively. Appellants

3

appealed, and this Court affirmed in part and reversed in part, noting the district court re-sentenced Appellants without the benefit of the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

On remand, Appellants argued they were entitled to be sentenced *de novo* because their previous sentences had been "vacated" by this Court. The Government objected, arguing the Eleventh Circuit mandate restricted the range of issues that could be considered on remand. The district court agreed with the Government, and without the benefit of a new evidentiary hearing, sentenced Davis, Ramsey, and McCauley to 480, 292, and 350 months' imprisonment, respectively. The court interpreted U.S.S.G. § 5G1.2(d) to require that Appellants' sentences run consecutively rather than concurrently so that the appropriate guidelines range could be achieved.

## II.

### A.    *De novo* sentencing

Appellants contend the district court erred by declining to sentence them *de novo*. They note that the district court did not afford them a new hearing at resentencing, despite our opinion vacating their sentences and upholding the district court's authority to receive new evidence at resentencing. According to

Appellants, this violated the court's obligation to employ a "holistic approach" to sentencing. *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996).

We review a district court's application of the sentencing guidelines *de novo*. *United States v. Hunerlach*, 258 F.3d 1282, 1285 (11th Cir. 2001). When a criminal sentence is vacated, a district court is generally free to reconstruct the sentence using any of the sentencing components. *Stinson*, 97 F.3d at 469. If the appellate court issues a limited mandate, however, the trial court is restricted in the range of issues it may consider on remand. *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996). A vacation of judgment for consideration in light of a particular decision is "'much more limited in nature' than a general vacation by an appellate court, and its effect is 'not to nullify all prior proceedings.'" *Id.* (quoting *United States v. M.C.C. of Florida, Inc.*, 967 F.2d 1559, 1562 (11th Cir. 1992)).

In our August 8, 2001, order vacating Appellants' sentences, we remanded this case to the district court so that it might have the benefit of the intervening rule announced in *Apprendi*, 530 U.S. at 466, 120 S. Ct. at 2348. We stated, "[i]n that respect we vacate the sentences of Appellants Davis, McCauley, and Ramsey and remand for resentencing or a new trial. In all other respects, however, we find no merit in Appellants' arguments on appeal and affirm the district court." *United*

5

*States v. Davis*, No. 00-11608, slip op. at 19 (11th Cir. Aug. 8, 2001). On remand, the district court determined it could rely on the evidence already presented to resolve the *Apprendi* issue. This determination obviated Appellants' entitlement to have new evidence presented prior to resentencing. *Tamayo*, 80 F.3d at 1520. The district court properly declined to hear new evidence at Appellants' resentencing hearing.

B.     U.S.S.G. § 5G1.2(c) & (d)

Appellants contend the district court abused its discretion by imposing consecutive sentences pursuant to U.S.S.G. § 5G1.2(d). They argue the sentencing guidelines require the court to impose a concurrent sentence where, as here, the total punishment imposed on the § 841 count was less than or equal to the highest statutory maximum. U.S.S.G. § 5G1.2(c). Citing cases from other circuits, Appellants contend sentencing courts are authorized to exercise alternative sentencing configurations to avoid manifest injustice and prejudice to the defendant. Furthermore, Appellants contend the district court's imposition of consecutive sentences violates the rule in *Apprendi*, in that the total term of imprisonment exceeds the guideline range for any count for which Appellants were convicted.

1.     *Application of U.S.S.G. § 5G1.2(d)*

The Sentencing Reform Act of 1984 provides, "If multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. " Sentencing Reform Act of 1984 § 212(a)(2), 18 U.S.C. § 3584. U.S.S.G. § 5G1.2(d), however, provides that, when there are multiple counts of conviction,

> [i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Appellants note that despite the clear dictate of § 5G1.2(d), this Circuit has never *directly* addressed the question of whether the district court retains the discretion to sentence a defendant to concurrent terms of imprisonment when § 5G1.2(d) calls for consecutive terms of imprisonment. A majority of other circuits have held that the imposition of consecutive sentences under § 5G1.2(d) is mandatory. *See United States v. Diaz*, 296 F.3d 680, 684-85 (8th Cir.), *cert. denied*, 123 S. Ct. 43 (2002); *United States v. Price*, 265 F.3d 1097, 1109 (10th

7

Cir. 2001), *cert. denied*, 122 S. Ct. 2299 (2002) (mem.); *United States v. Kentz*, 251 F.3d 835, 842 (9th Cir. 2001), *cert. denied*, 122 S. Ct. 1309 (2002) (mem.); *United States v. Angle*, 254 F.3d 514, 518-19 (4th Cir.), *cert. denied*, 122 S. Ct. 309 (2001) (mem.); *United States v. Page*, 232 F.3d 536, 544-45 (6th Cir. 2000). *But see United States v. Velasquez*, 304 F.3d 237, 242-43 (3d Cir. 2002) (holding that the district court retained the discretion under 18 U.S.C. § 3854 to run sentences concurrently without departing even when § 5G1.2(d) applies); *United States v. Vasquez-Zamora*, 253 F.3d 211, 214 (5th Cir. 2001) (indicating that the application of § 5G1.2(d) is discretionary).

A review of the law of this Circuit indicates that we are inclined to join the majority of our sister circuits. *See United States v. Gallego*, 247 F.3d 1191, 1200 n.19 (11th Cir 2001), *cert. denied*, 122 S. Ct. 820 (2002) (mem.) (indicating in dicta that no error existed because, if the case were remanded, the district court would be required under § 5G1.2(d) to stack the defendant's sentences and reach the same result); *United States v. Fortenberry*, 971 F.2d 717, 723 (11th Cir. 1992) (finding no error in the district court's imposition of consecutive sentences under the "express mandate" of § 5G1.2(d)). The reason for this is evident: the directive of the Sentencing Reform Act is not inconsistent with the mandates of § 5G1.2(d). The Sentencing Reform Act simply establishes a default rule of construction for

8

sentences; unless a district court specifically orders otherwise, multiple terms of imprisonment imposed at the same time are to run concurrently. The Act recognizes that a district court may order multiple terms of imprisonment to run consecutively, but (crucially for our decision) it does not give any guidance as to when a district court may or may not order such consecutive sentences. Section 5G1.2(d) does give specific guidance on when a district court should order consecutive sentences—it mandates such consecutive sentence whenever "necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d). The guideline thus speaks to an issue not directly addressed in the Sentencing Reform Act, and the guideline's mandate cannot conflict with statutory silence. Just as in every other case, the district court is obligated to follow the requirements of the guidelines. U.S.S.G. Ch.1, Pt.A.2, intro. comment. ("Pursuant to the [Sentencing Reform] Act, the sentencing court must select a sentence from within the guideline range."). We therefore hold that the district court properly interpreted § 5G1.2(d) to require the imposition of consecutive sentences on Appellants where the sentence imposed on the § 841 count was less than the total punishment for Appellants' aggregate convictions.

    2.    *Application of* Apprendi

The rule in *Apprendi* only applies where a defendant is sentenced above the statutory maximum sentence for an offense. *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001) (en banc). *Apprendi* does not prohibit a sentencing court from imposing consecutive sentences on multiple counts of conviction as long as each is within the applicable statutory maximum. *United States v. Smith*, 240 F.3d 927, 930 (11th Cir. 2001) (holding there is no *Apprendi* error where the sentence imposed is less than the aggregate statutory maximum for multiple convictions); *see also Sanchez*, 269 F.3d at 1268 (holding "*Apprendi* has *no effect* on cases in which a defendant's actual sentence falls *within the range* prescribed by the statute for the crime of conviction").

Under the guidelines, Appellant Davis could have been sentenced to life imprisonment. However, the statutory maximum sentence for each count for which Appellant Davis was convicted is 20 years. 21 U.S.C. § 841(b)(1)(C). Accordingly, in an attempt to meet the minimum total punishment mandated by the guidelines, the district court imposed a total sentence of 480 months' imprisonment, consisting of 240 months' imprisonment on Count 1 and 240 months' imprisonment on count 17, to run consecutively. This sentence did not exceed the statutory maximum for either count. Thus, there was no *Apprendi* error as to Appellant Davis' sentence.

Appellant Ramsey could have been sentenced under the guidelines to 292 to 365 months' imprisonment. However, the statutory maximum sentence per count on the drug charges for which Appellant Ramsey was convicted is 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(C). In order to satisfy the guidelines, the district court imposed a total sentence of 292 months' imprisonment, consisting of 232 months' imprisonment on Count 1 and 60 months' imprisonment on Count 23, to run consecutively. Again, this sentence did not exceed the statutory maximum for either count. Thus, there was no *Apprendi* error as to Appellant Ramsey's sentence.

Appellant McCauley could have been sentenced under the guidelines for 324 to 405 months' imprisonment. However, the statutory maximum sentence per count on the drug charges for which he was convicted is 20 years' imprisonment and the maximum on the weapons count was 5 years' imprisonment. 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 924(c)(1). In order to satisfy the guidelines, the district court imposed a total sentence of 350 months' imprisonment, consisting of 240 months' imprisonment on Count 1, 60 months' imprisonment on Count 10, and 50 months' imprisonment on Count 15, to be served consecutively. Again, this sentence did not exceed the statutory maximum for any of the counts. There is no *Apprendi* error as to Appellant McCauley's sentence.

11

C.     Fifth Amendment due process

Appellants contend the district court violated their Fifth Amendment due process rights by subjecting them to consecutive sentences.  They challenge the court's failure to conduct a *de novo* resentencing hearing, as well as the court's compliance with our remand order.  They also raise issue with the length of the terms of imprisonment to which they have been sentenced.

A defendant's due process rights may be violated "when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to finality have crystallized and it would be fundamentally unfair to defeat them."  *United States v. Watkins*, 147 F.3d 1294, 1298 n.5 (11th Cir. 1998) (quoting *United States v. Lundien*, 769 F.2d 981, 987 (4th Cir. 1985)); *see also Burton v. Goodlett*, 480 F.2d 983, 986 (5th Cir. 1973) (due process violated when a heavier sentence is imposed to punish the defendant for getting his original conviction set aside).[1]

Appellants' present sentences are either significantly shorter or substantially similar to their prior sentences.  Moreover, Appellants present no facts suggesting

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206,1209 (11th Cir. 1981) (en banc), this Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

12

the district court resentenced them to consecutive sentences so as to punish them.

Appellants' due process rights have not been compromised.

AFFIRMED.