[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-14724
Non-Argument Calendar

_____

D. C. Docket No. 03-80098-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE SHELTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 4, 2007)

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Terrance Shelton appeals his 180-month sentence, imposed after he pled

guilty to one count of possession of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1), and one count of carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). After review, we affirm Shelton's sentence.

## I. BACKGROUND

This is Shelton's second appeal of his sentence. Shelton was originally sentenced to 130 months' imprisonment on the drug charge, at the low end of the guidelines range, and a mandatory consecutive 60 months' imprisonment on the firearms charge, for a total sentence of 190 months. In Shelton's first appeal, this Court vacated Shelton's sentence in light of United States v. Booker, 543 U.S 220, 125 S. Ct. 738 (2005), because the district court had imposed the sentence under a mandatory guidelines scheme. See United States v. Shelton, 400 F.3d 1325 (11th Cir. 2005). We remanded for the district court to exercise its post-Booker discretion and impose a reasonable sentence in light of the now-advisory guidelines and the factors in 18 U.S.C. § 3553(a). In so doing, we also noted that "the district court was, and still is, bound by the statutory minimums," and that the district court was required to sentence Shelton to no less than ten years' imprisonment on his drug charge and a five-year mandatory, consecutive sentence on the firearms charge. Id. at 1333 n.10.

2

On remand, Shelton tried for the first time to challenge the application of the statutory, mandatory minimum sentence of ten years, imposed pursuant to 21 U.S.C. § 841(b)(1)(B). Section 841(b)(1)(B) requires a minimum ten-year sentence if a defendant convicted of possession of five or more grams of crack cocaine has a prior felony drug conviction. Shelton argued that this sentencing enhancement violated the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), because it relied on prior convictions that were not alleged in his indictment or admitted by him during his guilty plea. Shelton also argued that the district court was precluded from imposing the sentencing enhancement because the district court did not ask whether Shelton admitted or denied the prior conviction, as required by 21 U.S.C. § 851(b).[1]

The district court overruled Shelton's objections, concluding that there was no Blakely error and that this Court's limited mandate precluded re-opening the § 851(b) issue. The district court further determined that the limited mandate "expressly indicate[d] that the court [was] bound by those statutory minimums" and that it did not have the discretion to sentence Shelton below the mandatory ten-

---

[1]The government pointed out that, on remand, the district court gave Shelton an opportunity to file written objections to the prior convictions underlying his § 841 enhancement, but Shelton failed to do so. Further, the government noted that, because Shelton's prior convictions were more than five years old, he was precluded from challenging their validity. See 21 U.S.C. § 851(e).

year minimum required by § 841(b)(1)(B).

After considering the § 3553(a) factors, the district court sentenced Shelton to the mandatory minimum 120-month sentence on the drug charge and to the mandatory consecutive minimum 60-month sentence on the firearms charge, for a total of 180 months' imprisonment. This appeal followed.

## II. DISCUSSION

In this second appeal, Shelton argues that the district court imposed the ten-year mandatory minimum sentence in § 841(b)(1)(B) in violation of Blakely and the procedural requirements of § 851(b). However, both issues are foreclosed by the law-of-the-case doctrine.

Under the law-of-the-case doctrine, "[a]n appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996). Thus, on remand the district court may not assert jurisdiction over matters outside the scope of a limited mandate. United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003). Furthermore, lower court rulings that have not been challenged on a first appeal will not be disturbed in a subsequent appeal. See, e.g., United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997); United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-83

(11th Cir. 1989).

There are three exceptions to the law-of-the-case doctrine.  A court is not bound by a prior ruling if (1) new evidence is presented, (2) there is an intervening change in the controlling law, or (3) the prior decision was clearly erroneous and will cause manifest injustice.  Escobar-Urrego, 110 F.3d at 1561.

Here, Shelton's second appeal raises claims that either were or could have been raised in his first appeal.  Specifically, Shelton's claim that the district court's use of his prior conviction violated Blakely was rejected in his first appeal. See Shelton, 400 F.3d at 1329.  As to Shelton's § 851(b) claim, Shelton never challenged the district court's compliance with § 851(b) at the initial sentencing or in his first appeal.

In addition, Shelton's claims in his second appeal are outside the scope of the limited mandate issued in his first appeal.  This Court's prior panel opinion instructed the district court to resentence Shelton in accordance with Booker, but also in compliance with the statutory, mandatory minimum sentences for each of Shelton's offenses, as follows:

> We emphasize that the district court was, and still is, bound by the statutory minimums.  For example, Shelton's sentence can be no less than 120 months' (10 years') imprisonment for the drug charge in count 4.  The district court sentenced Shelton to 130 months' imprisonment, which is 10 months higher than the statutory minimum on count 4.  The firearms sentence is not in issue in this case because

5

it carries a mandatory, 5-year minimum, consecutive sentence to follow the drug sentence.

Shelton, 400 F.3d at 1333 n.10. Thus, Shelton's ten-year mandatory minimum sentence as to the drug charge and five-year mandatory minimum consecutive sentence as to the firearms charge are the law of the case. Furthermore, Shelton has not shown that any exception to the law-of-the-case doctrine applies.[2]

Given this Court's limited mandate on remand, the district court properly refused to reconsider the applicable statutory ten-year minimum term of imprisonment in resentencing Shelton on his drug charge. Shelton's 180-month sentence is affirmed.

**AFFIRMED.**

---

[2]Shelton does not argue that there is new evidence or a change in the law. Furthermore, we see no clear error in the district court's application of the § 841(b)(1)(B) enhancement. First, the district court was not required to undertake a § 851(b) inquiry because Shelton's convictions were more than five years old. See United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006) (concluding that the district court was not required to adhere to § 851(b)'s requirement when, pursuant to 21 U.S.C. § 851(e), the defendant was barred from challenging convictions that were more than five years old). Second, the district court and this Court are bound by Almendarez-Torres v. United States, 523 U.S. 224, 228, 118 S. Ct. 1219, 1223 (1998), until it is explicitly overruled by the Supreme Court. See United States v. Greer, 440 F.3d 1267, 1273-74 (11th Cir. 2006).