[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10008
Non-Argument Calendar

_____

D. C. Docket No. 97-06023-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DINO IACULLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 21, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Dino Iacullo appeals from his 235-month sentence imposed on remand following his guilty plea to one count of conspiracy to import cocaine in violation

of 21 U.S.C. §§ 952(a), 963. We previously remanded this case to the district court to reconsider Iacullo's sentence in light of United States v. Booker, 543 U.S. 220 (2005). In the present appeal, Iacullo argues that the district court erred on remand in: (1) failing to reconsider all of his sentencing arguments since it was not constrained by the law-of-the-case doctrine; and (2) failing to consider his 18 U.S.C. § 3553(a) arguments. After thorough review, we affirm.

Whether the law-of-the-case doctrine applies is a question we review de novo. United States v. Bobo, 419 F.3d 1264, 1267 (11th Cir. 2005). We review the ultimate sentence imposed by a district court for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)). In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v.

<u>United States</u>, 128 S.Ct. 586, 597 (2007)).[1]  If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed, under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'"  <u>Id.</u> (quoting <u>Gall</u>, 128 S. Ct. at 597).

First, we find no merit to Iacullo's contention that the law-of-the-case doctrine does not apply here.  "The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality and obedience within the judicial system."  <u>United States v. Tamayo</u>, 80 F.3d 1514, 1520 (11th Cir. 1996) (quotations and citations omitted).  Under the doctrine, an issue decided at one stage of a case is binding at later stages of the same case, and "[a]n appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal."  <u>Id.</u>  The doctrine does not apply, however, if: (1) new evidence is presented; (2) there is an intervening change in the controlling law dictating a different result; or (3) the prior ruling is clearly erroneous and would result in manifest injustice.  <u>Id.</u>

---

[1]  The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

Under the law-of-the-case doctrine, lower court rulings that have not been challenged on a first appeal will not be disturbed in a subsequent appeal. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir.1997). Thus, "an appellant should raise all trial errors in his appeal of the judgment and sentence," and an appellant is deemed to have waived his right to raise issues on a second appeal which he did not raise in his first. United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-82 (11th Cir. 1989) (quotations and citations omitted). We reasoned that appellants should not get "two bites at the appellate apple." Id. at 1482. Accordingly, on remand, a district court should not assert jurisdiction over matters outside the scope of a limited mandate. United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003). "A vacation of judgment for consideration in light of a particular decision is much more limited in nature than a general vacation by an appellate court, and its effect is not to nullify all prior proceedings." Id. (quotations and citations omitted).

In Iacullo's previous appeal, we remanded for the limited purpose of considering his sentence in light of Booker, explicitly holding that the district court correctly calculated the guidelines range and the statutory minimum and maximum sentence and that the aircraft enhancement was properly imposed. Because a remand for consideration in light of a particular decision does not nullify prior

4

proceedings, see Davis, 329 F.3d at 1252, and because Iacullo has not argued that any of the exceptions to the law-of-the-case doctrine are viable here, the doctrine clearly applies. The district court therefore did not err in refusing to consider on remand sentencing arguments previously decided. Moreover, to the extent Iacullo challenges his sentence on additional grounds not previously raised on appeal -- including his argument for a minor role reduction -- he has waived those arguments. See Fiallo-Jacome, 874 F.2d at 1481-82.

We also reject Iacullo's claim that the district court did not consider his § 3553(a) arguments. Under Booker, the district court need not state on the record that it has explicitly considered each § 3553(a) factor and need not discuss each factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient . . . ." Id. The record sufficiently establishes that the district court considered the parties' § 3553(a) arguments, and Iacullo does not otherwise challenge the procedural or substantive reasonableness of his sentence. Accordingly, Iacullo has not established that his 235-month sentence is unreasonable, and therefore, it is affirmed.

**AFFIRMED.**

5