[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12180
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 08-02044-CV-ODE-1,
04-00506-CR-ODE

STANLEY STREET,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 30, 2009)

Before BIRCH, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Stanley Street, a federal prisoner acting pro se, appeals the district court's

denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Street was convicted of three armed bank robberies, in violation of 18 U.S.C. § 2113(a) and (d), and of three separate violations of 18 U.S.C. § 924(c) for brandishing a gun during the same three robberies.[1] Street received three concurrent sentences of 87 months for the robberies, the guidelines minimum, and consecutive terms of 84 months, 300 months, and another 300 months on the three gun counts, for a grand total of 771 months or more than 64 years in prison. Because the consecutive prison terms were mandated by statute, we affirm the denial of § 2255 relief.

Street claimed in the district court that his counsel was ineffective for not objecting to the consecutive sentences, which he contended exceeded the maximum allowable under United States Sentencing Guidelines § 5G1.2 (Nov. 2008). The district court rejected the claim, finding that because § 924(c) required it to impose consecutive sentences, counsel could not have been ineffective for failing to object to them. However, the district court granted a certificate of appealability on the following question: "[w]hether the district court has the discretion to depart from the sentencing scheme of § 924 and § 5G1.2."

We review de novo questions of statutory interpretation. United States v.

_____

[1] The facts of the case are set out in our previous decision on Street's direct appeal. United States v. Street, 472 F.3d 1298 (11th Cir. 2006).

2

Maupin, 520 F.3d 1304, 1306 (11th Cir. 2008). A claim of ineffective assistance of counsel is a mixed question of law and fact that we also review de novo. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).

Section 924(c)(1)(A) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–(i) be sentenced to a term of imprisonment of not less than 5 years.

The minimum sentence increases to 7 years if the firearm is brandished, as it was in this case, and an additional minimum term of 25 years is imposed for second or subsequent convictions under the section. Id. § 924(c)(1)(A)(ii), (C)(i). The statute further provides that:

> Notwithstanding any other provision of law . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

Id. § 924(c)(1)(D)(ii).

These consecutive terms are imposed separately from, and in addition to, the enhanced penalty for use of a weapon already provided by the bank robbery statute

3

itself. See 18 § U.S.C. 2113(d) (raising maximum penalty from 20 to 25 years if the offender "puts in jeopardy the life of any person by the use of a dangerous weapon or device"); United States v. Segarra, 582 F.3d 1269, 1272–73 (11th Cir. 2009) (per curiam) (holding that § 924(c)'s consecutive sentences apply even when the underlying crimes carry their own mandatory minimums). A defendant may be convicted of multiple § 924(c) violations arising from a single course of conduct, such as a string of robberies. See United States v. Tate, No. 07-00339, 2009 WL 3490293, at *9 (11th Cir. October 30, 2009) (upholding three consecutive sentences for using a gun in three bank robberies, on top of sentences for the robberies themselves); United States v. Rahim, 431 F.3d 753, 757–58 (11th Cir. 2005) (per curiam) (upholding two consecutive prison terms for § 924(c) violations on top of concurrent sentences for robbing a bank and then carjacking a getaway car). Street's convictions for both first and subsequent violations in the same trial do not violate double jeopardy, because each gun count relates to a separate robbery. See Rahim, 431 F.3d at 758.

Street hangs his argument on a provision of the sentencing guidelines that limits the circumstances under which sentences for multiple counts can run consecutively. U.S.S.G. § 5G1.2(d) provides that:

> [i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment [i.e. the applicable

guidelines range], then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Street argues that because the highest sentence he received on a single count (300 months) was greater than the guidelines range calculated for the entire crime (87–108 months), § 5G1.2 did not allow the district court to impose consecutive sentences, and his total prison term should have been limited to 300 months. See United States v. Davis, 329 F.3d 1250, 1253–54 (11th Cir. 2003) (discussing application of § 5G1.2). This is wrong.

Guideline provisions do not override statutory requirements. See U.S.S.G. § 5G1.1(b) (where statutory minimum exceeds top of guidelines range, statutory minimum becomes guideline sentence). The same guidelines section cited by Street makes clear that, no matter by how much the resulting prison term may exceed the guidelines range, an additional sentence must run consecutively when a statute requires that. U.S.S.G. § 5G1.2(a); see also id. cmt. n.2 (citing § 924(c) as an example of such a statute). Even though the guidelines themselves are now advisory, United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court has no discretion to ignore a mandatory minimum dictated by statute. United States v. Castaing-Sosa, 530 F.3d 1358, 1362 (11th Cir. 2008) (per curiam).

Street's sentence was not only legally authorized; it was the lowest he could have received under the statute and the guidelines. The district court gave him concurrent sentences at the bottom of the guidelines range for the three robberies, but it had no power to do anything about the additional 57 years mandated by the three gun counts.

To make a successful claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Because there was no legal basis for objecting to Street's sentence, his counsel was not deficient for failing to do so and his failure to do so did not prejudice Street.

**AFFIRMED.**