[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10479
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:09-cr-80092-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM M. KIRSCHNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 19, 2011)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

William M. Kirschner appeals his 120-month sentence imposed on remand

upon his pleading guilty to mail fraud in violation of 18 U.S.C. §§ 1341 & 2. In

Kirschner's initial appeal before this Court, we concluded that his 120-month sentence was procedurally unreasonable, vacated that sentence and remanded to the district court for resentencing. Kirschner argues that at resentencing the government violated the terms of the plea agreement by arguing in support of a sentence above the guidelines range. Kirchsner also argues that the sentence the district court imposed on remand is procedurally and substantively unreasonable. After thorough review, we affirm.

I.

Kirschner first argues that the government violated the term of his plea agreement in which it agreed to recommend a within-guideline sentence. We review de novo whether the government has breached a plea agreement. United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir. 2008). "[W]hether the government [has] violated [a] plea agreement is judged according to the defendant's reasonable understanding at the time he entered his plea." United States v. Taylor, 77 F.3d 368, 370 (11th Cir. 1996) (quotation marks omitted). The government breaches a plea agreement when it makes an unequivocal promise to recommend a particular sentence and then advocates a position that is incompatible with that promise. Id. at 370–71.

We conclude that the government did not advocate a position that was incompatible with its promise to recommend a within-guideline sentence. At resentencing when the district court asked the government to explain its understanding of the Eleventh Circuit opinion remanding the case, the government stated that the opinion did not require a <u>de novo</u> resentencing but merely required the district court to explain its reasons for imposing Kirschner's particular sentence. The government clearly informed the district court, however, that its "recommendation is going to remain that this be a guideline sentence, at the top end of the guidelines, because that is consistent with our plea agreement." Later in the sentencing hearing, the government explained its understanding of the reasons why the district court sentenced Kirschner above the guidelines range during Kirschner's original sentencing. When Kirschner objected on the basis that the government was taking a position contrary to the plea agreement, counsel for the government reiterated:

> I have been very clear that we are advocating for a position within the guideline range consistent with our plea agreement . . . . Our position is, has been and remains, that a sentence at the very top end of the guideline range for all the reasons we set forth previously consistent with our plea agreement is the sentence.

3

It is clear from the record that the government argued in support of a within-guideline sentence at Kirschner's resentencing. Thus, the government did not breach the terms of the plea agreement.

## II.

Kirschner next argues that his sentence was procedurally and substantively unreasonable. We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). In reviewing for reasonableness, we look first at whether the district court committed any significant procedural error, such as relying upon clearly erroneous facts, miscalculating or failing to calculate the advisory guidelines range, treating the guidelines as mandatory, or failing to consider the 18 U.S.C. § 3553(a) factors. Id. at 51, 128 S. Ct. at 597. "If, after correctly calculating the guidelines range, a district court decides that a sentence outside that range is appropriate, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation marks omitted). If the sentencing decision is procedurally sound, we then consider the substantive reasonableness of the sentence, "tak[ing] into

4

account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id.

## A.

Kirschner argues that the district court committed procedural error by (1) failing to conduct a de novo resentencing and recalculation of the advisory guideline range based on the version of the guidelines in effect at the time of resentencing; (2) selecting a sentence based on "unproven allegations" and "misinformation"; (3) failing to adequately explain the justification for the sentence imposed; and (4) imposing an upward departure without providing prior notice. With respect to Kirschner's first argument, our limited remand instructed the district court to calculate the guidelines range on the record and to explain fully its reasons for imposing a sentence above the guideline range in light of the § 3553(a) factors. The district court followed our mandate and lacked jurisdiction to do anything more. See United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003) (affirming district court's refusal on remand to conduct a de novo resentencing because this Court's mandate limited the permissible inquiry on remand).

Further, the district court properly determined that it was required to apply the version of the sentencing guidelines that was in effect at the time of

5

Kirschner's original sentencing. In resentencing on remand, a district court "shall apply the guidelines . . . that were in effect on the date of the previous sentencing of the defendant prior to the appeal, together with any amendments thereto by any act of Congress that was in effect on such date . . . ." 18 U.S.C. § 3742(g)(1). Thus, Kirschner's argument that that he was entitled to the benefit of the Sentencing Commission's amendment to U.S.S.G. § 4A.1.1 is unavailing, because that amendment was neither in effect at the time of his previous sentencing nor given retroactive effect. See United States v. Bordon, 421 F.3d 1202, 1207 (11th Cir. 2005) (Section 3742(g)(1) requires use of prior guidelines where there has been favorable guidelines change that was not given retroactive effect).

Nor did the district court rely on "unproven allegations" and "misinformation" in concluding that Kirschner was a "serial fraudster" and that a variance above the guidelines range was warranted to serve the § 3553(a) sentencing goals of deterring future criminal conduct and promoting respect for the law. As Kirschner acknowledges, and as the presentence investigation report reveals, he had two previous convictions for fraud-based crimes. See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) ("failure to object to allegations of fact in a PSI admits those facts for sentencing purposes"). One of Kirschner's convictions, for grand theft, related to his operation of an unlicensed

6

mortgage lending business. The other conviction was for mail fraud related to Kirschner's fraudulent operation of a corporation that he solely owned. Kirschner committed the current offense while still on supervised release for his mail fraud conviction.

We also reject Kirschner's argument that the district court at resentencing failed to explain the basis for his above guideline sentence. A district court must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). Here the district court stated on the record that Kirschner's guideline range was 63 to 78 months, based on an offense level of 22 and criminal history category of IV. Kirschner conceded that the guideline range was accurate.[1] The district court allowed Kirschner's counsel to argue in support of a within-guideline sentence and considered that argument. In addition, the district court considered the § 3553(a) factors and explained that the need for deterrence, the seriousness of

---

[1] Kirschner's argument that 18 U.S.C. § 3742(g)(2) prevented the district court from varying outside of the guidelines range at resentencing lacks merit. The Supreme Court has held that 18 U.S.C. § 3742(g)(2) does not prevent a district court from imposing a variance in light of the § 3553(a) factors on remand. See Pepper v. United States, —U.S.—, 131 S. Ct. 1229, 1244–45 (2011) (invalidating § 3742(g)(2) as unconstitutional under the Sixth Amendment).

the offense, the characteristics of the defendant and the need to promote respect for the law justified a variance above the guideline range.

Specifically, the district court noted that Kirschner had engaged in similar fraudulent criminal conduct in the past and that his two previous convictions and punishments had not deterred him from committing the present fraudulent crime. The court concluded that an above guideline sentence was necessary to deter Kirschner from engaging in similar fraudulent conduct in the future. In addition, the court explained that Kirschner's sentence was necessary in order to protect the public by depriving Kirschner of the opportunity to continue to defraud others. The court also noted the seriousness of Kirschner's crime, which involved defrauding unsuspecting clients who invested a substantial amount of money. The district court's explanation was sufficient.

Further, because the district court applied a variance, and not a departure, the notice requirement of Federal Rule of Criminal Procedure Rule 32(h) did not apply. See Irizarry v. United States, 553 U.S. 708, 713–17, 128 S. Ct. 2198, 2203–04 (2008); see also United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009) (explaining that "[i]n determining whether the district court applied an upward departure under the Guidelines or a variance under the 18 U.S.C. § 3553(a) factors, we consider whether the district court cited to a specific

8

guideline departure provision and if the court's rationale was based on its determination that the Guidelines were inadequate").  In this case the district court did not cite to any specific guideline departure provision.  Rather, the district court made clear that "[t]he basis for [Kirschner's] sentence is 18 U.S.C. § 3553(a)." The district court explained that it was imposing "a variance" because "the Sentencing Guidelines are inadequate" in Kirschner's case.  Thus, because the district court applied a variance based on the § 3553(a) factors, it had no duty to provide prior notice under Rule 32(h).  Irizarry, 553 U.S. at 713–17, 128 S. Ct. at 2203–04.

B.

We also reject Kirschner's argument that his sentence is substantively unreasonable.  Kirschner's sentence is well below the twenty-year statutory maximum for violations of 18 U.S.C. §§ 1341 & 2.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (upholding sentence in part because it was "well below" the statutory maximum).  Moreover, "[w]e will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment and has imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Id. at 1324 (quotation marks omitted).  In light of Kirschner's pattern of

9

fraudulent criminal behavior, we cannot conclude on this record that the district court "made a clear error of judgment" or "imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id.

For these reasons, we affirm Kirschner's sentence.

AFFIRMED.