[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10171
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20821-JEM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERGIL VLADIMIR GEORGE,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 15, 2018)

Before MARTIN, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

In this second direct appeal, Vergil George appeals his sentences that were imposed after his first appeal. In that first appeal, this Court affirmed, inter alia, George's advisory guidelines calculations but remanded the case so that George could allocute and be resentenced. After careful review, and for the reasons outlined below, we vacate George's sentence and remand for resentencing consistent with the mandate in the first appeal and with this opinion in this second appeal.

## I.  BACKGROUND

### A.    Conviction and Sentence

In 2016, a jury convicted George on six felony counts, including: (1) conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846; (2) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (4) possession of unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2; and (5) two counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and  2.

At sentencing, George objected to the presentence investigation report's ("PSR") calculation of his total offense level, including several offense level enhancements. The district court overruled George's objections and determined that George's advisory guidelines range was 235 to 293 months' imprisonment.

2

The district court imposed 235-month sentences on his drug and robbery conspiracy convictions and 120-month sentences on his firearm and access device convictions, all to run concurrently, and 24-month sentences on his identity theft convictions, to run concurrently to each other but consecutively to the other counts, for a total term of 259 months' imprisonment.  Although hearing argument from George's trial counsel, the district court did not give George personally an opportunity to address the court before imposing those sentences.

## B.    First Appeal and Remand

George appealed, challenging several offense-level enhancements and also the district court's failure to permit him to allocute.  This Court expressly affirmed the district court's offense level and other guidelines calculations.  See United States v. George, 872 F.3d 1197, 1199 (11th Cir. 2017) ("George I").

However, this Court concluded that the district court erred when it did not allow George to allocute before pronouncing his sentence, as required by Federal Rule of Criminal Procedure 32(i)(4)(A)(ii).  Id. at 1199, 1206-09.  As a result, this Court vacated George's sentence "and remanded to the district court for resentencing," with these limiting instructions drawn from United States v. Doyle, 857 F.3d 1115 (11th Cir. 2017), as follows:

> At this proceeding, George 'is entitled to an opportunity to allocute and have the court resentence him after he says what he wishes to say to the judge.'  Doyle, 857 F.3d at 1121.  But he is not entitled to an entirely new resentencing—he may not reassert or reargue any of his

3

objections to the PSR, file new objections to the PSR, or file a new sentencing memorandum.  Id.  As in Doyle, our aim is to 'return [George] to the position he was in on the day of his original sentence hearing.'  Id.

George I, 872 F.3d at 1209 (alterations in original).  Thus, in the first appeal, this Court made clear that George was not entitled to "an entirely new resentencing" and that George may not reargue his objections to the PSR or file new objections or a sentencing memorandum.

## C.    Resentencing

On remand, the district court held a resentencing hearing.  The district court began by saying, "[My] understanding of the mandate issued by the Court of Appeals [is] that I am to listen to whatever Mr. George has to say, and I'm happy to do so."  George's defense counsel added, "And, your honor, my understanding is that because the Circuit said we're not to file any PSI objections or sentencing memoranda, that there's nothing for me to say."  The district court responded, "Correct.  I mean, you're here to protect his rights, I expect.  But my understanding is that it's just a question of his allocution."

George then spoke to the district court, maintaining his innocence and arguing that there were "several significant errors" during his trial.  George argued what he believed was misconduct by the prosecutor and lead agent.  George also stated that his trial counsel was ineffective in representing him.  George asked the district court to consider his family's suffering, pointing out that he had two small

4

children and elderly parents who were not in good health.  George stated that he had found Christ while in prison and that he was "trying every day to be a better person."  George admitted that he had made some bad decisions and had been lost, and thanked the district court for saving his life and his soul.  George asked the district court to forgive him for the things he had done and to show mercy and not to reimpose the same sentence.

The district court thanked George and asked the parties if they had anything further to say.  When neither did, the district court stated that it had considered all of the parties' statements, the PSR, and the 18 U.S.C. § 3553(a) factors.  The district court then imposed the same sentences of 235 months on George's drug and robbery conspiracy convictions and 120 months on his firearm and access device convictions, all to run concurrently, and 24 months on his identity theft convictions, to run concurrently to each other but consecutively to the other counts.

Afterwards, George objected "on grounds of procedural and substantive reasonableness" and "restate[d] his previously made objections to the PSI and the Court's prior sentencing rulings."  George filed this appeal.

## II.  DISCUSSION

### A.    The Mandate Rule

The mandate rule is a specific application of the law-of-the-case doctrine, which provides that subsequent courts—both the district court and the appellate

court—are bound by any findings of fact or conclusions of law made in the prior appeal in the same case. United States v. Amedeo, 487 F.3d 823, 829-30 (11th Cir. 2007). Under the mandate rule, the district court, when acting under an appellate court's mandate, "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." Id. at 830 (quotation marks omitted). The district court "must implement both the letter and spirit of the mandate, taking into consideration [the appellate court's] opinion and the circumstances it embraces." United States v. Mesa, 247 F.3d 1165, 1170 (11th Cir. 2001).[1]

## B. Limited Remands for Allocation and Resentencing

In vacating a sentence and remanding for resentencing, this Court may enter a general vacatur of the sentence, which allows for resentencing de novo. United States v. Martinez, 606 F.3d 1303, 1304 (11th Cir. 2010). Alternatively, this Court may issue a limited mandate, which remands for a limited purpose at the resentencing. Id.; see also United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003). When this Court vacates the sentence, but issues a limited mandate with particular remand instructions, the district court at resentencing is restricted to the

---

[1]Whether a district court complied with this Court's mandate on remand is reviewed de novo. Amedeo, 487 F.3d at 829. We review for an abuse of discretion the district court's exercise of the limited discretion left to it by our mandate. See Pelletier v. Zweifel, 987 F.3d 716, 718 (11th Cir. 1993).

issues outlined in the mandate.  Davis, 329 F.3d at 1252.  Unlike a general vacatur, a limited remand does not "nullify all prior proceedings."  Id. (quotation marks omitted).

Here, the district court imposed a sentence without first allowing George to speak in mitigation of his sentence, and thus this Court vacated the sentence and remanded so that the district court could comply with Rule 32 and allow the defendant to allocute.  See George I, 872 F.3d at 1206-09 (relying on Doyle, 857 F.3d at 1118).  In this type of limited remand, a defendant "is not entitled to an entirely new sentencing proceeding" or "to reassert or reargue" prior objections or "take steps that his former counsel could have, but did not, take before and during his original sentence hearing."  Doyle, 857 F.3d at 1121.  Instead, the defendant is returned to "the position he was in on the day of his original sentence hearing . . ., with the same record that was before the sentencing court at that time" and is given the opportunity to allocute that he was originally denied.  Id.

This Court has long-standing precedent employing this type of limited remand and instructing that the resentencing hearing on remand resumes at the point of allocation.  See, e.g., Doyle, 857 F.3d at 1121; United States v. Perez, 661 F.3d 568, 586 (11th Cir. 2011); United States v. Rogers, 848 F.2d 166, 169 (11th Cir. 1988).  That is to say that, after the defendant's allocution, counsel for the parties may make arguments to the district court for the appropriate sentence in

7

light of the 18 U.S.C. § 3553(a) factors and the record, including any information

the defendant has provided during his allocation, and the district court must

consider § 3553(a) factors and the record, including the defendant's allocution, in

selecting the sentence imposed.  As we recognized in George I, the information a

defendant provides during his allocation may indeed have an effect on his

sentence, and the allocation should not be "an empty formality."  George I, 872

F.3d at 1209; see also United States v. Tamayo, 80 F.3d 1514, 1518 (11th Cir.

1996) ("The purpose underlying the right of allocation is to permit a convicted

defendant an opportunity to plead personally to the court for leniency in his

sentence by stating mitigating factors and to have that plea considered by the court

in determining the appropriate sentence.").

## C.    George's Resentencing

In reviewing the transcript of George's resentencing, it is clear that the

parties and the district court labored under a mutual misunderstanding as to the

scope of this Court's limited remand.  Our limiting instructions to the district court

were to allow George to allocute and then to resentence him.  While the limiting

instructions precluded George from "reassert[ing] or reargu[ing] any of his

objections to the PSR, . . . or fil[ing] a new sentence memorandum," they did not

preclude either George or the government from arguing for a particular sentence, in

light of the aggravating and mitigating sentencing factors.  See George I, 872 F.3d

at 1209.  Such arguments by both counsel naturally occur toward the end of the sentencing hearing, after the record (including the defendant's allocution) is complete, but before the district court imposes the sentence.  See Fed. R. Crim. P. 32(i)(4)(A)(i)-(iii).  Because both George's counsel and the district court mistakenly believed arguments by counsel for a particular sentence were outside the scope of the remand, we must vacate George's sentence and remand for another resentencing consistent with the Court's limited mandate in George I and this opinion.

George contends that this Court's limited mandate in George I was legal error and that he was entitled to a de novo resentencing.  As the government accurately points out, George failed to raise this issue in his last appeal, either in a petition for rehearing before this Court or in a petition for certiorari to the U.S. Supreme Court.

In any event, under our binding precedent, George was not then, and is not now, entitled to a de novo resentencing.  See Doyle, 857 F.3d at 1121; Perez, 661 F.3d at 586; Davis, 329 F.3d at 1252; Rogers, 848 F.2d at 169.  Nor is George allowed to reargue issues, such as his guidelines calculations, that were already decided and affirmed in the first appeal or to raise new issues that could have been but were not raised in the first appeal, all of which are now law of the case.  See Amedeo, 487 F.3d at 829-30; see also United States v. Escobar-Urrego, 110 F.3d

9

1556, 1560-61 (11th Cir. 1997) (explaining that district court rulings that have not been challenged in a first appeal will not be disturbed in a subsequent appeal).

Furthermore, George has not demonstrated that this Court's George I decision "was clearly erroneous and would work manifest injustice." See Amedeo, 487 F.3d at 830 (stating that one of the exceptions to the mandate rule is that "the prior [appellate] decision was clearly erroneous and would work a manifest injustice" (quotation marks omitted)). There is no merit to George's argument that this Court's precedent in Doyle, Perez, and Rogers, which was followed in George I, is inconsistent with Green v. United States, 365 U.S. 301, 81 S. Ct. 653 (1961). In Green, the Supreme Court held that a defendant has a right to allocute before his sentence is imposed, not that a defendant is entitled to an entirely new resentencing hearing on remand if he has been denied his allocution right. See Green, 365 U.S. at 305, 81 S. Ct. at 655 (plurality opinion). We, like the district court on remand, remain bound by George I as the law of the case. See Amedeo, 487 F.3d at 829-30. We also are bound by our prior precedent in Doyle, Perez, and Rogers. See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (explaining that this Court is "bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (quotation marks omitted)).

10

In sum, on remand the district court should again, consistent with Rule 32(i)(4)(A)(ii), address George personally and permit him to allocute if he so wishes. The district court should then resume the sentencing proceedings from that point, including allowing counsel for the parties to argue for a particular sentence in light of the § 3553(a) factors and the record, including any further allocation by George. Only after considering the record, including George's allocution, the § 3553(a) factors, and the parties' arguments should the district court select and pronounce the sentence.

We do not suggest, however, that on remand the district court must impose any particular sentence or a lower sentence, or that the district court is not free to impose the same sentence if it determines, after allocution and counsels' argument, that sentence remains the appropriate sentence. Further, as this is a limited remand to permit George to be resentenced after allocution, George may not reargue issues already or necessarily decided during the first sentencing that either have been affirmed on appeal or could have been but were not raised before now. See Doyle, 857 F.3d at 1121; Davis, 329 F.3d at 1252. This restriction would include objections to George's PSR or the district court's advisory guidelines calculations. As with our last remand, we mean to return George to the point in his original sentencing proceedings—and with the same record that existed at that moment—when the district court should have addressed George personally and asked him

whether he wished to speak and to have the sentencing proceedings resume from that point as they would ordinarily be conducted.[2]

**VACATED AND REMANDED.**

---

[2]George's request that a new district judge be assigned to his case on remand is denied.