**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11909

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

COOGAN PRESTON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:24-cr-00416-LCB-HNJ-1

_____

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Coogan Preston appeals his total prison sentence of 64 months after pleading guilty to conspiring to commit bribery of a

public official, *see* 18 U.S.C. §§ 371 & 201(b)(1), and receiving gratuities in exchange for official action—directing federal subcontracts—as a public official, *see id.* § 201(c)(1)(B). He argues that the district court erred by calculating his guideline range and by choosing to run the sentences on each count consecutively, resulting in a sentence that, in his view, exceeded the statutory maximum and failed to reflect the relevant sentencing factors under 18 U.S.C. § 3553(a). The government moves to dismiss the appeal based on the appeal waiver in Preston's plea agreement. Preston responds that the exceptions to the waiver permit this appeal. After careful review, we grant the government's motion.

## I.

Preston waived his right to indictment and pled guilty to a two-count information under a written plea agreement. The agreement noted that the receipt-of-gratuity and conspiracy counts were subject to maximum prison terms of two years and five years, respectively. The government agreed to request an acceptance-of-responsibility reduction and to recommend a sentence at the low end of the advisory guideline range, among other promises.

Preston's plea agreement included a waiver of his right to appeal, subject to limited exceptions. Preston agreed to "waive and give up my right to appeal my conviction and/or sentence in this case." He "reserve[d] the right to contest in an appeal" the following: (1) "Any sentence imposed in excess of the applicable statutory maximum sentence(s)"; (2) "Any sentence imposed in excess of the

Guidelines range determined by the Court at the time sentence is imposed"; and (3) "Ineffective assistance of counsel."

During the plea colloquy, the district court specifically questioned Preston about the appeal waiver. The court stated that Preston would give up his right to challenge his sentence except on the following grounds: "Any punishment in excess of the statutory maximum, any punishment constituting an upward departure of the guideline range, and any claim of ineffective assistance of counsel." Preston indicated he understood these exceptions and that, by pleading guilty, he was voluntarily relinquishing his appeal and other rights. The court also informed Preston of the statutory maximums and that it had the authority to impose consecutive sentences, meaning he "could serve those sentences one at a time." He said he understood. The district court accepted the plea as knowingly and voluntarily made and adjudicated Preston guilty.

A probation officer prepared Preston's presentence investigation report ("PSR"), recommending a total offense level of 27 and a criminal-history category of I. That ordinarily would produce a guideline range of 70 to 87 months. But because the maximum prison terms were "less than the maximum of the applicable guideline range," according to the PSR, the guideline range became "24 months on Count One and 60 months on Count Two."

At sentencing, the district court adopted the PSR's calculations and guideline range, without objection by either party. After hearing arguments from both parties, the court imposed a total

sentence of 64 months' imprisonment. Specifically, the court sentenced Preston to 60 months on the conspiracy offence (Count Two), and to 24 months on the receipt-of-gratuity offense (Count One), with 4 months of that sentence running consecutive to the sentence on Count Two.

## II.

We review de novo the validity and scope of an appeal-waiver provision in a plea agreement. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id.* at 1367. "The government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

We give the language of a plea agreement its plain and ordinary meaning. *United States v. Hardman*, 778 F.3d 896, 900 (11th Cir. 2014). When terms are disputed, we apply "an objective standard and eschew[] both a hyper-technical reading of the written agreement and a rigidly literal approach in the construction of the language." *Id.* (quotation marks omitted). We construe any ambiguities against the government. *United States v. Copeland*, 381 F.3d 1101, 1105–06 (11th Cir. 2004).

Preston does not dispute that the appeal waiver in his plea agreement is enforceable.  And the government otherwise has established the validity of the waiver.  The record shows that Preston was specifically questioned about the waiver during the plea colloquy and that he otherwise understood the waiver's full significance.  *See Bushert*, 997 F.2d at 1351.  Thus, we will enforce the waiver according to its terms.  *See Bascomb*, 451 F.3d at 1294.

Preston has not shown that his appeal falls within an exception to the appeal waiver.  He makes no colorable claim that the district court imposed a sentence "in excess of the applicable statutory maximum sentence(s)."  Under Preston's plea agreement, the district court was permitted to impose prison terms of up to 24 months on Count One and up to 60 months on Count Two, for an aggregate total sentence of 84 months.  *See, e.g.*, *United States v. Davis*, 329 F.3d 1250, 1254 (11th Cir. 2003) (sentencing courts may impose "consecutive sentences on multiple counts of conviction as long as each is within the applicable statutory maximum").  Preston concedes that the "combined statutory ceiling is eighty-four months."  Thus, the court's sentence of 64 months—created by running the maximum sentences on each count concurrently except for four months—did not exceed the "applicable statutory maximum sentence(s)."

The record also contradicts Preston's claim that the sentence exceeds the "the Guidelines range determined by the Court at the time sentence is imposed."  The district court confirmed at sentencing, without objection by either party, that the advisory guideline

range was 24 months as to Count One and 60 months as to Count Two, and it sentenced Preston within that range.  Although Preston now believes that the court erred in calculating the guideline range or in applying the guidelines, no exception to the waiver permits those arguments, since the court did not exceed the guideline range it determined at the time sentence was imposed.  Instead, the court went below it.  Even assuming Preston can raise meritorious challenges to his guideline range, that would not be enough to escape the waiver.  *See United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999) ("A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues—indeed, it includes a waiver of the right to appeal blatant error.").

Because Preston presents no colorable argument that his sentence either exceeds the "applicable statutory maximum sentence(s)" or the "[g]uidelines range determined by the [c]ourt" at sentencing, and the appeal waiver is otherwise enforceable, we grant the government's motion to dismiss.

**DISMISSED.**